```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

J&J SPORTS PRODUCTIONS, INC.                        CIVIL ACTION

VERSUS                                              NO: 13-2627

MAHONY'S IRISH PUB, LLC, ET AL.                     SECTION: "A" (5)
```

### ORDER AND REASONS

Plaintiff J&J Sports Productions, Inc. has filed a **Motion for Summary Judgment (Rec. Doc. 20)** against defendant H. Gary Brown, Jr. ("Brown"). Brown opposes the motion. The motion, set for hearing on April 9, 2014, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is **DENIED**.

Plaintiff is a distributor of closed circuit pay-per-view sports and entertainment programming. Plaintiff owns the exclusive rights for the commercial distribution and broadcast of the Manny Pacquiao v. Shane Mosley fight that took place on May 7, 2011. Plaintiff marketed the sub-licensing rights for the fight to various commercial entities and subsequently entered into agreements whereby these entities were granted limited sub-licensing rights that allowed them to publicly broadcast the fight within their respective commercial establishments.

Prior to the fight being broadcasted, Plaintiff retained auditors and law enforcement personnel to detect and identify commercial entities that were planning to broadcast the fight

1

without having obtained a license for doing so.[1]  Mahony's Irish Pub, LLC ("Mahony's"), located in Houma, Louisiana, did not purchase the rights to broadcast the fight.  However, on the night of the fight, Plaintiff's auditor visited Mahony's and observed the fight being shown to patrons on five different television sets.[2]

On May 5, 2013, Plaintiff filed a complaint against Mahony's, as well as Mark James Bonvillain and H. Gary Brown, Jr. as its managing members.  Plaintiff seeks to recover damages for the alleged unlawful interception and exhibition of the fight at Mahony's.

Brown is the only defendant that has answered Plaintiff's complaint.  Brown denies any liability, asserting that he was not a managing member of Mahony's at the time the allegations took place.  Plaintiff has filed the instant Motion for Summary Judgment, in which it seeks judgment against Brown finding him personally liable for the allegations in the complaint.

Summary judgment is appropriate only if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue

---

[1] Rec. Doc. 18-5, at pg. 2 (Affidavit of Gagliardi).

[2] Rec. Doc. 18-7, at pg. 1 (Affidavit of Dion-Leblanc).

as to any material fact."[3] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[4] In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor.[5]

Plaintiff seeks to hold Brown liable in his personal capacity for the alleged broadcast of the fight at Mahony's. Assuming that Mahony's is liable for Plaintiff's claims against it, any liability of Brown in his personal capacity would require Plaintiff to establish Brown's vicarious liability for those activities taking place at Mahony's. In order to establish vicarious liability, Plaintiff must show that Brown had: (1) the right and ability to supervise the infringing activity and (2) an obvious and direct financial interest in the exploitation.[6]

Brown argues that his relationship to Mahony's does not satisfy these elements for vicarious liability. In his affidavit,

---

[3]*TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (*citing Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 249-50 (1986)).

[4]*Id.* (*citing Anderson*, 477 U.S. at 255).

[5]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

[6]*Zuffa, LLC v. Trappey*, CIV.A. 11-0006, 2012 WL 1014690 (W.D. La. Mar. 22, 2012) (*citing Softel, Inc. v. Dragon Med. & Sci. Commc'ns*, 118 F.3d 955, 971 (2d Cir. 1997)) (citations omitted).

Brown states that he sold his membership interest in Mahony's to Bonvillain on September 8, 2010.[7] Brown states that since then, he has had no involvement in the management, ownership, or operation of Mahony's in any capacity and has "remained in Baton Rouge, over one hundred miles away from Mahony's place of business[.]" Brown further states that he had no knowledge or control over the events alleged to have taken place at Mahony's on May 7, 2011.

On the other hand, Plaintiff contends that Brown had the right to supervise the infringing conduct of Mahony's, as well as the requisite financial interest in the showing of the fight at Mahony's.

With regard to Brown's financial interest, Plaintiff cites to the "Membership Unit Sale Agreement"[8] executed by Brown and Bonvillain on September 8, 2010. Plaintiff argues that the sale of Brown's membership interest to Bonvillain was not complete at the time of the fight since Brown had financed the purchase price of the sale and Bonvillain was still making payments to Brown. Plaintiff also argues that Brown possessed a security interest in Mahony's since Bonvillain granted a pledge of his ownership units in Mahony's to Brown as collateral securing Bonvillain's debt.

Plaintiff also points to Brown's membership interest in MMG Investments, LLC ("MMG"), an entity that leased the premises to

---

[7]Rec. Doc. 26-1.

[8]Rec. Doc. 20-10.

4

Mahony's at the time the fight was broadcasted. Plaintiff argues that Brown, as a member of MMG, had a tenant relationship with Mahony's which gave him the ability to supervise its activities and also gave him a financial interest in its profitability.

In light of the evidence before the Court, there is at least a dispute of material facts as to whether Brown should be subject to vicarious liability for the allegations against Mahony's in this lawsuit. The evidence offered by Plaintiff is far too attenuated to show that Plaintiff is entitled to the relief sought in its motion.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that J&J Sports Productions, Inc.'s **Motion for Summary Judgment (Rec. Doc. 20)** is hereby **DENIED.**

This 12th day of May, 2014.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE